The judgment of the court was pronounced by
Eustis, C. J.
Dwight and Hartman instituted a revocatory action against John B. Bemiss, Judson Harman, John F. Carson and Thomas Johnson and others, the object of which was to subject certain property, alleged to have been transferred by Bemiss, on the eve of insolvency, to the co-defendants in fraud of his creditors to the payment of their debt. There was judgment against Bemiss on the plaintiff’s debt, and against the three named co-defendants. The latter appealed from this judgment; and the Supreme Court gave judgment in favor of Harman, and remanded the cause for a new trial as to Carson and Johnson. 16 L. R. 150. Bemiss not having appealed from the judgment, and having been no party to the proceedings in the Supreme Court, it stands against him unaffected by the judgment on the appeal. The decretal part of that judgment has no relation to the judgment against Bemiss, but only determines on the rights of the parties to the appeal, to wit, the creditors Dwight and Hartman, and the appellants. The court was of opinion, that Bemiss might be entitled to a certain credit of a note received from him by Dwight and Hartman ; and on remanding the cause expressed their opinion, that this was an open question to be determined on the new trial. But this well might be, and still the judgment against Bemiss remain entire: the point only being open between the parties before the court. Such is the legal interpretation of the judgment of the Supreme Court.
The judgment against Bemiss et al. in the court of the first instance, was rendered as far back as 1837, and that of the Supreme Court on the appeal In September 1840. *171 On the trial, and after the cause was remanded, the suit was dismissed as to Carson and Johnson, and the plaintiffs took judgment a second time against Bemiss for their debt, subject to the credit of the note received by them. This judgment was rendered in January, 1847. B.ut in the mean time, to wit, in March, 1845, the plaintiffs in that suit took out execution on the first judgment, under which certain property of Bemiss was sold, which the plaintiff in the present suit, who is the wife of Bemiss, purchased on a credit of twelve months; for which she gave her twelve months’ bond, with the authority of her husband. The present suit has for its object the arrest of proceedings under an execution issued against Mrs. Bemiss on the twelve months’ bond. The claim of the plaintiff for relief is based upon the ground, that from the time the first judgment of the Supreme Court was rendered until the second judgment against Bemiss was rendered against him in 1847, there was no judgment against him, and that she consequently has no title whatever to the property she bought at sheriff’s sale. The statement of the case shows the fact to be otherwise. There was a valid judgment against Bemiss when the execution was issued, and when the plaintiff purchased under it. What effect the second judgment had upon the first, as it was rendered long after the plaintiff’s purchase, it is not necessary to enquire. It can have no effect on the proceedings under the first had previous to its rendition. The court below erred in making the plaintiff’s injunction perpetual.
The judgment of the district court is therefore reversed, and judgment rendered for the defendants, with costs in both courts.